1  McGREGOR W. SCOTT
   United States Attorney
2  KEVIN P. ROONEY
   STEPHANIE HAMILTON BORCHERS
3  Assistant United States Attorney
   4401 Federal Building
4  2500 Tulare Street
   Fresno, California 93721
5  Telephone: (559) 497-4004

6

7

8
            IN THE UNITED STATES DISTRICT COURT FOR THE
9
                 EASTERN DISTRICT OF CALIFORNIA
10

11
   UNITED STATES OF AMERICA,      ) 1:06-CR-00284 OWW
12                                )
                      Plaintiff,  ) STIPULATION FOR EXPEDITED
13        v.                      ) SETTLEMENT AGREEMENT
                                  ) AND ORDER THEREON
14 WALTER NELSON ORR,             )
                                  )
15             Defendant.         )
                                  )
16 ─────────────────────────────  )
   WORLD SAVINGS BANK, FSB,       )
17                                )
               Petitioner.        )
18 ─────────────────────────────  )

19
        IT IS HEREBY STIPULATED by and between Plaintiff United States
20
   of America and Petitioner World Savings Bank, FSB to compromise and
21
   settle its interest in the following property (hereafter the
22
   "Property"):
23
              Real property located at 3535 N. Sonora
24            Avenue, Fresno, California, Assessor's Parcel
              Number 311-711-10, and more fully described
25            as:

26            ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE
              COUNTY OF FRESNO STATE OF CALIFORNIA* * * * *,
27            DESCRIBED AS FOLLOWS:

28            CITY OF FRESNO

> Lot 10 of TRACT NO. 3797, REMINGTON ESTATES,
> according to the map thereof recorded in
> Volume 50, Page(s) 46 and 47 of Plats, Fresno
> County Records.

This stipulated settlement is entered into between the parties pursuant to the following terms:

1.   The parties to this Agreement hereby stipulate that World Savings Bank, FSB had a prior vested or superior interest in the Property or was a bona fide purchaser for value of the right, title, or interest in the Property.

2.   The United States agrees that upon entry of a Final Order of Forfeiture forfeiting the Property to the United States and sale of the Property pursuant to the Final Order of Forfeiture, the United States will not contest payment to World Savings Bank, FSB from the proceeds of sale, after payment of outstanding taxes and expenses incurred by the U.S. Marshals Service, in connection with its custody and sale of the Property of the following:

> a.   All unpaid principal due to the claimant World Savings in the principal amount of $147,100.14, plus accrued interest in the sum of $13,693.03, as of July 27, 2007, and interest accruing at an adjustable rate thereafter on the principal sum as described in the Note and Deed of Trust in favor of World Savings pursuant to the Deed of Trust recorded in Fresno County, California, as instrument number 2004-0109822, dated May 10, 2004 and recorded on May 19, 2004; the United States also agrees to pay casualty insurance and taxes

2

1                          advanced by World Savings.   An updated payoff

2                          statement should be requested prior to closing.

3                b.     Reasonable attorney's fees not to exceed $2,000.00.

4                c.     A total fee of not more than $200.00 to process a

5                          beneficiary demand statement and to record a

6                          reconveyance of the Deed of Trust.

7                d.     The exact amount to be paid to World Savings Bank,

8                          FSB shall be determined at the time of  payment,

9                          but shall not be less than the amounts  set forth

10                          above.

11      3.    The payment to Petitioner World Savings Bank, FSB shall

12 be in full settlement and satisfaction of all claims by World

13 Savings Bank, FSB to the Property indicted by the United States on

14 or about September 7, 2006 and of all claims arising from and

15 relating to the seizure, detention, and forfeiture of the Property.

16 The parties acknowledge that the prepayment period on this note has

17 expired and anticipate no prepayment penalties.

18      4.    Upon payment, World Savings Bank, FSB agrees to re-convey

19 its security interest to the United States via recordable documents

20 and to release and hold harmless the United States, and any agents,

21 servants, and employees of the United States (and any involved

22 state or local law enforcement agencies and their agents, servants,

23 or employees) in their individual or official capacities, from any

24 and all claims by World Savings Bank, FSB and its agents that

25 currently exist or that may arise as a result of the Government's

26 actions against and relating to the Property.

27      5.    Petitioner World Savings Bank, FSB agrees not to pursue

28 against the United States any other rights that it may have under

the mortgage instrument, including but not limited to the right to foreclose upon and sell the Property during the pendency of this proceeding or any post-forfeiture proceeding relating to the marketing and sale of the property, and any right to assess additional interest or penalties except as specifically allowed herein.

6. Petitioner understands and agrees that by entering into this expedited settlement of its interest in the Property, it waives any rights to litigate further its interest in the Property and to petition for remission or mitigation of the forfeiture. Thereafter, if this Agreement is approved by the Court, then unless specifically directed by an order of the Court, World Savings Bank, FSB shall be excused and relieved from further participation in this action.

7. Petitioner understands and agrees that the United States reserves the right to void the expedited settlement agreement if, before payment of the mortgage or lien, the U.S. Attorney obtains new information indicating that the mortgage or lien holder is not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes. The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the Property. In either event, the Government shall promptly notify the mortgagee or lien holder of such action. A discretionary termination of forfeiture shall not be a basis for any award of fees.

8. The parties agree to execute further documents, to the extent necessary, to convey clear title to the Property to the United States and to implement further the terms of this

4

settlement.  Each party agrees to bear its own costs and attorneys' fees, except as otherwise set forth herein.

9.  Payment to the Petitioner pursuant to this settlement agreement is contingent upon a forfeiture of the Property to the United States, the United States' prevailing against any third parties alleging claims in an ancillary proceeding, and the Court's entry of a Final Order of Forfeiture.  Further, the terms of this settlement agreement shall be subject to approval by the United States District Court.  Violation of any term or condition herein shall be construed as a violation of an order of the Court.

10.  Counsel for World Savings Bank, FSB represents that she has authority to enter into this stipulation on behalf of her principal.

Dated: September 7, 2007          McGREGOR W. SCOTT
                                  United States Attorney


                                  /s/ Stephanie Hamilton Borchers
                                  STEPHANIE HAMILTON BORCHERS
                                  Assistant U.S. Attorney

Dated: September 7, 2007          /s/ Steven L. Kester
                                  STEVEN L. KESTER
                                  FRANCIS E. QUINLAN
                                  Attorney for Petitioner
                                  World Savings Bank, FSB
                                  (Original signature retained by
                                  attorney)

**ORDER**

The Court having received, read, and considered the foregoing stipulation of the parties, and good cause appearing therefrom, the Stipulated Expedited Settlement is hereby APPROVED.


IT IS SO ORDERED.

**Dated:   September 7, 2007          /s/ Oliver W. Wanger**

1                                      UNITED STATES DISTRICT JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28